# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SHANNON MCNEISH, Personal Representative of the Estate of MELANIE MCNEISH, deceased,<br><br>*Plaintiff,*<br>v.<br><br>LAKE COUNTY JAIL; LAKE COUNTY INDIANA; OSCAR MARTINEZ, JR., SHERIFF OF LAKE COUNTY INDIANA; MICHAEL ZENK, WARDEN, OF THE LAKE COUNTY JAIL; LAKE COUNTY SHERIFF'S DEPARTMENT; AND CORRECTIONAL HEALTH INDIANA, INC.,<br><br>*Defendants.* | Case No.: 2:22-CV-18<br><br>District Judge: Philip P. Simon<br>Magistrate Judge: Andrew P. Rodovich |

## ANSWER TO PLAINTIFF'S COMPLAINT BY MICHAEL ZENK, WARDEN OF THE LAKE COUNTY JAIL

The Defendant, MICHAEL ZENK, Warden of the Lake County Jail, ("LCJ") by counsel, Casey J. McCloskey, answers Plaintiff's Complaint, as follows:

## COUNT I

## JURISDICTION

1. This cause of action is for damages based upon violations of the Eighth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 as well as related state law claims.

**ANSWER:** Defendant is without sufficient information and/or knowledge to form a belief about the truth of the allegations contained in this paragraph, and therefore DENIES same.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1367.

**ANSWER:** Defendant is without sufficient information and/or knowledge to form a belief about the truth of the allegations contained in this paragraph, and therefore DENIES same

## PARTIES

3. The Estate of Melanie McNeish was opened on January 17, 2021 in Lake County, Indiana by the administer Shannon McNeish for the purpose of bringing this cause of action.

**ANSWER:** Defendant is without sufficient information and/or knowledge to form a belief about the truth of the allegations contained in this paragraph, and therefore DENIES same

4. Defendant Lake County Indiana is a political subdivision of the State of Indiana.

**ANSWER:** Defendant is without sufficient information and/or knowledge to form a belief about the truth of the allegations contained in this paragraph, and therefore DENIES same

5. Defendant Lake County Sheriff, Oscan Martinez, Jr., (hereinafter referred to as "Sheriff") is charged pursuant to I.C. §36-2-13-5 with taking care of the Lake County Jail and the prisoners there and was acting under color of state law at all times relevant.

**ANSWER:** Defendant ADMITS Ind. Code § 36-2-13-5(a)(7) states a Sheriff shall "take care of the county jail and the prisoners there." Defendant is without sufficient knowledge and/or information to form a belief about the truth of the remaining allegations contained in this paragraph, and therefore DENIES same

6. Defendant, Michael Zenk is an employee of the Lake County Sheriff's Department and was working in the Lake County Jail at all times relevant to this claim and acting under color of state law.

**ANSWER:** Defendant ADMITS that Michael Zenk was employed as the Warden of the Lake County Jail in June of 2020 and that he retired on or about December 31, 2021. Defendant is without sufficient knowledge and/or information to form a belief about the truth of the remaining allegations contained in this paragraph, and therefore DENIES same.

7. Defendant Correctional Health Indiana, Inc., at all times relevant to this cause of action was hired in 2012 by Lake County Indiana for the purpose of providing healthcare to inmates at Lake County Jail and was therefore performing a state function as it relates to the healthcare of the inmates.

**ANSWER:** Defendant ADMITS that in June of 2020, CHI had a contract to provide medical services to inmates in the Lake County Jail, but is without sufficient information and/or knowledge to form a belief about the truth of the remaining allegations in this paragraph, and therefore DENIES same

## GROUNDS FOR RELIEF

8. On Wednesday, January 29, 2020, Melanie McNeish (hereinafter referred to as "MCNEISH"), was arrested by the Winfield Police Department and Lake County Sheriff's Department.

**ANSWER:** Defendant is without sufficient information and/or knowledge to form a belief about the truth of the allegations contained in this paragraph, and therefore DENIES same

9. MCNEISH was transported to and held at the Lake County Jail located at 2293 N. Main St., Lake County, Crown Point, Indiana 46307 from January 29, 2020, through January 31, 2020.

**ANSWER:** Defendant is without sufficient information and/or knowledge to form a belief about the truth of the allegations contained in this paragraph, and therefore DENIES same

10. That Lake County Jail has a history of repeatedly failing to provide adequate medical care and safety interventions to address serious medical and safety needs and have caused inmates harm and created unreasonable risk of harm due to, but not limited to: (1) insufficient medical staffing; (2) inadequate access to medical care; (3) inadequate acute and chronic medical care; (4) inadequate comprehensive health assessment; (5) poor medication administration; (6) inadequate medical records; (7) lack of a quality improvement system to monitor for and correct inadequate care; (8) insufficient safety policies; (9) insufficient supervision to ensure safety; and (10) insufficient implementation of safety policies.

**ANSWER:** Defendant DENIES these allegations.

11. In 2010, Lake County and the Sheriff entered into a settlement agreement with the United States Department of Justice to provide for improved policies, procedures and practices at

the Lake County Jail which included making comprehensive provisions for medical care, mental health care, fire and life safety and sanitation for the inmates of the Lake County Jail.

**ANSWER:** Defendant ADMITS on or about December 3, 2010, a *Lake County Jail Settlement Agreement* involving the USDOJ was filed with the U.S. District Court in case no. 2:10-cv-476, but lacks sufficient knowledge and/or information to form a belief about the truth of the remaining allegations in this paragraph. and therefore DENIES same.

12. Based upon the history of the Lake County Jail, Lake County and the Sheriff were to develop and implement training, medical care policies, procedures and practices to address and guide all medical care and services at the Lake County Jail, including but not limited to, providing adequate and timely acute care for inmates with serious and life threatening conditions, and ensure that such care adequately addressed the serious medical and mental health needs of the inmates of Lake County Jail.

**ANSWER:** Defendant ADMITS Ind. Code § 36-2-13-5(a)(7) state a sheriff shall "take care of the county jail and the prisoners there." Defendant is without sufficient knowledge and/or information to form a belief about the truth of the remaining allegations contained in this paragraph, and therefore DENIES same.

13. That, among other things, the defendants Lake County and the Sheriff agreed to ensure that qualified medical staff and correctional officers were trained to recognize and respond appropriately to medical emergencies as well as ensure that inmates with emergency medical needs receive timely and appropriate care, including prompt referrals and transport to outside care when medically necessary.

**ANSWER:** Defendant ADMITS Ind. Code § 36-2-13-5(a)(7) state a sheriff shall "take care of the county jail and the prisoners there." Defendant is without sufficient knowledge and/or information to form a belief about the truth of the remaining allegations contained in this paragraph, and therefore DENIES same.

14. Upon information and belief, MCNEISH, still in custody, appeared in Court for an initial hearing on January 31, 2020 at approximately 8:30 a.m. for a charge of theft with a prior unrelated conviction for theft or criminal conversion, Cause No. 45D07-2001-F6-000232. Judge

Nicholas Schiralli ordered that MCNEISH be released from custody upon placement of GPS monitoring device and that MCNEISH was permitted to travel for medical, work, church and counseling.

**ANSWER:** Defendant is without sufficient information and/or knowledge to form a belief about the truth of the allegations contained in this paragraph, and therefore DENIES same.

15. At 5:32 p.m. on January 31, 2020, Crown Point Emergency Medical Services was dispatched to the Lake County Jail, 2293 N. Main Street, Crown Point, Lake County, Indiana for a report of a 32 yr. old female having a seizure. Upon the arrival of Crown Point EMS, Lake County Jail staff reported to EMS that MCNEISH was found in her cell unresponsive.

**ANSWER:** Defendant is without sufficient information and/or knowledge to form a belief about the truth of the allegations contained in this paragraph, and therefore DENIES same.

16. Crown Point EMS found MELANIE MCNEISH on the floor of her cell located on the 5th Floor of the jail. MCNEISH was unresponsive with no pulse and not breathing. CPR was being administered by unidentified staff of the jail. No efforts to use a defibrillator were made by jail staff. Crown Point EMS took over resuscitation efforts and transported MCNEISH to Methodist Hospital at 6:04p.m., however, MCNEISH remained pulseless and unresponsive.

**ANSWER:** Defendant is without sufficient information and/or knowledge to form a belief about the truth of the allegations contained in this paragraph, and therefore DENIES same, and therefore DENIES same.

17. MCNEISH was pronounced deceased at 6:18p.m. at Methodist Hospital.

**ANSWER:** Defendant is without sufficient information and/or knowledge to form a belief about the truth of the allegations contained in this paragraph, and therefore DENIES same.

18. MCNEISH is survived by her three minor children, B.S, N.S. and R.S. The three minor children are in the care and custody of MCNEISH'S mother, Laura Lilovich.

**ANSWER:** Defendant is without sufficient information and/or knowledge to form a belief about the truth of the allegations contained in this paragraph, and therefore DENIES same.

## CAUSES OF ACTION

19. As a result of the above, MS. MCNEISH'S 8th and 14th Amendment rights were violated due to the deliberate indifference of the defendants.

**ANSWER:** Defendant DENIES these allegations.

20. Such deliberate indifference was a proximate cause of the death of MELANIE MCNEISH.

**ANSWER:** Defendant is without sufficient information and/or knowledge to form a belief about the truth of the allegations contained in this paragraph, and therefore DENIES same.

21. As a result of the above, MS. MCNEISH was deprived of the procedural and/or substantive due process of law as a pre-trial detainee.

**ANSWER:** Defendant DENIES these allegations.

22. That defendants knew at the time of the deprivation of MS. MCNEISH'S constitutional rights that the Constitution forbids such willful deprivation of civil rights.

**ANSWER:** Defendant DENIES there was any "deprivation of MS. McNeish's constitutional rights, and is without sufficient information and/or knowledge to form a belief about the truth of the remaining allegations in this paragraph, and therefore DENIES same.

23. That defendants acted carelessly, negligently and with deliberate indifference in failing to appropriately train its officers and medical staff on MS. MCNEISH'S right to be free from inadequate medical care and treatment while detained in the face of serious medical needs.

**ANSWER:** Defendant DENIES these allegations.

24. That defendants acted carelessly, negligently and with deliberate indifference in failing to develop and implement medical care policies, procedures and practices to address and guide all medical care services at the Lake County Jail, including, but not limited to, providing adequate and timely acute care for inmates and detainees with serious and life threatening conditions as well as

ensuring that such medical care adequately addresses the serious medical needs of the inmates and detainees of the Lake County Jail.

**ANSWER:** Defendant DENIES these allegations.

25. That defendants acted carelessly, negligently and with deliberate indifference of the following:

    a.    the physical health and safety of detainees, including MCNEISH;

    b.    the failure to adequately train, supervise and control employees, agents and contractors in the proper evaluation and supervision of detainees; and

    c.    developing, implementing, enforcing and condoning policies and procedures which were known or should have been known to be inadequate to protect the health and safety of detainees.

**ANSWER:** Defendant DENIES these allegations.

26. That defendants acted carelessly, negligently and with deliberate indifference in failing to appropriately train its officers on protecting detainees, including MCNEISH, from serious risk of harm.

**ANSWER:** Defendant DENIES these allegations.

27. That defendants, Lake County Indiana, Sheriff, Correctional Health Indiana, Inc., and Warden of Lake County Jail were final policy makers as it relates to the policies and practices to address and guide all safety, protection and medical care and services at the Lake County Jail, including, but not limited to, providing adequate and timely safety interventions and acute care for inmates and detainees with serious and life threatening conditions as well as ensuring that such interventions and care adequately addressed the serious safety risks and medical needs of the inmates and detainees of the Lake County Jail., and continued with a policy of failing to provide adequate safety interventions and medical care to address serious safety risks and medical needs and have caused inmates and detainees harm and created unreasonable risk of harm due to, but not limited to:

(1) insufficient staffing; (2) inadequate access to medical care; (3) inadequate acute and chronic medical care; (4) inadequate comprehensive health assessments; (5) poor medication administration; (6) inadequate medical records; (7) lack of a quality improvement system to monitor for and correct inadequate care; (8) insufficient safety policies; (9) insufficient supervision to ensure safety; and (10) insufficient implementation of safety policies.

**ANSWER:** Defendant lacks sufficient knowledge and/or information to form a belief about the truth of the allegations, and therefore DENIES same.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, the ESTATE OF MELANIE MCNEISH, requests of this Court:

a.) For reasonable compensatory damages;

b.) For punitive damages against individuals;

c.) Reasonable attorney's fees, together with costs and expenses of litigation pursuant to 42 U.S.C. § 1988;

d.) Just compensation for loss of the life of MELANIE MCNEISH;

e.) Just compensation for MCNEISH'S three minor children who have lost the love, care, guidance, attention, companionship and financial support of their mother, they have suffered from emotional distress, and MCNEISH'S estate has incurred the costs and expenses associated with the last medical care, funeral and burial expenses related to MCNEISH'S death.

f.) Costs of litigation and Estate, including reasonable attorney's fees; and

g.) For all other just and proper relief in the premises pursuant to the Federal Rules of Civil Procedure 54( c).

**ANSWER:** Defendant DENIES that Plaintiff, the ESTATE OF MELANIE MCNEISH, is entitled to any of the relief prayed for in the Complaint.

## COUNT II

1.-19. Plaintiff incorporates herein rhetorical paragraphs 1-18, of Count I, as if fully set out herein.

**ANSWER:**   Defendant incorporates by reference his response to Paragraphs 1-18 of Count I of the Complaint, as if fully set out herein.

20. That the defendants owed MCNEISH a duty of care while she was in the Lake County Jail to take care of the safety and medical needs of the prisoners and detainees which included providing safety interventions and medical care and treatment to MCNEISH.

**ANSWER:**   Defendant ADMITS Ind. Code § 36-2-13-5(a)(7) states a Sheriff shall "take care of the county jail and the prisoners there." Defendant is without sufficient knowledge and/or information to form a belief about the truth of the remaining allegations contained in this paragraph, and therefore DENIES same.

21. That the defendants owed MCNEISH a duty of care while she was in the Lake County Jail to develop and implement policies, procedures, and practices to address and guide the safety and medical care services at the Lake County Jail, including but not limited to providing adequate and timely safety interventions and medical treatment for inmates and detainees who required protection and who developed serious and life threatening conditions, and ensure that such care adequately addressed the serious medical needs of the inmates and detainees of the Lake County Jail.

**ANSWER:**   Defendant ADMITS Ind. Code § 36-2-13-5(a)(7) states a Sheriff shall "take care of the county jail and the prisoners there." Defendant is without sufficient knowledge and/or information to form a belief about the truth of the remaining allegations contained in this paragraph, and therefore DENIES same.

22. That employees of the defendants were negligent in providing safety interventions and medical care and treatment to MCNEISH while she was detained at the Lake County Jail.

**ANSWER:**   Defendant DENIES these allegations.

23. That defendants are responsible for the actions of their employees under a theory of Respondeat Superior.

**ANSWER:**   Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of the averments in this paragraph, and therefore DENIES same.

24. That the defendants breached the duty of care that they owed to MCNEISH resulting in her death and other damages as set out herein.

**ANSWER:** Defendant DENIES these allegations.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests of this Court:

a.) For reasonable compensatory damages;

b.) For the costs of this action; and

c.) For all other just and proper relief.

**ANSWER:** Defendant DENIES that Plaintiff is entitled to any of the relief prayed for in the Complaint.

WHEREFORE, the Defendant, MICHAEL ZENK, Warden of the Lake County Jail, prays that Plaintiff each take nothing by way of her Complaint, that judgment be entered in favor of the Defendant and against the Plaintiff on all claims and relief requested in the Complaint, that Defendant be granted costs and attorney fees to the extent entitled under the law and/or 42 U.S.C. 1988, Rule 11, I.C. 34-13-3-21 and I.C. 34-13-4-4, and for all other just and proper relief under the premises.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Ste GG
Merrillville, IN 46410
Phone: (219) 738-2978
Fax: (219) 738-2818
Email: attymccloskey@hotmail.com

**JURY DEMAND**

The Defendant, by counsel, demands a trial by jury on all counts.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Suite GG
Merrillville, IN 46410
Ph:   (219) 738-2978
Fax:  (219) 738-2818
Email: attymccloskey@hotmail.com

**AFFIRMATIVE DEFENSES**

The Defendant, MICHAEL ZENK, Warden of the Lake County Jail ("LCJ"), by counsel, asserts the following affirmative defenses.

1. Any allegations not specifically admitted, denied or controverted in Defendant's Answer above are hereby specifically DENIED.

2. The claims against the Defendant should be dismissed under Rule (12)(b)(6) for failing to state a claim upon which relief may be granted.

3. Plaintiff cannot recover on claims against Defendant under 42 U.S.C.§ 1983 that resulted from isolated unconstitutional acts of their employees or a constitutional harm or injury that was not the direct and proximate result of an established policy, custom or practice of the Defendants. *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

4. Plaintiff's claims under 42 U.S.C. § 1983 are not actionable because no policy, custom or practice of the Defendants was a "direct cause" or "moving force" behind any of the alleged unconstitutional acts alleged in this action. *Estate of Novack v. County of Wood,* 226 F.3d 525, 530 (7th Cir. 2000).

5. Defendant is not subject to the doctrine of "*respondeat superior*" for claims arising under 42 U.S.C. § 1983 and are not vicariously liable for the conduct of subordinates that may have violated the Plaintiff's constitutional rights. (*Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)*).

6. The actions of the Defendant was objectively reasonable and did not violate any clearly established rule or principle of federal law nor any rights of the Plaintiff that a reasonable person would have known.

7. Plaintiff is barred by operation of law from recovering punitive damages against the Defendant for claims arising under 42 U.S.C. § 1983. See *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) (municipalities may not be assessed punitive damages under § 1983).

8. Plaintiff is barred by operation of law from recovering punitive damages against the Defendant on all state law claims. Ind. Code § 34-13-3-4(b).

9. All claims against MICHAEL ZENK, Warden of the Lake County Jail, in his "official capacity" are redundant and duplicative of the claims asserted against the LCJ and should be dismissed.

10. Plaintiff's injuries and damages were proximately caused by negligent, reckless or intentional conduct, acts or omissions of MELANIE MCNEISH, or other unknown third parties..

11. Defendant cannot be held liable for any injury or damages caused or contributed to by acts or omissions of non-party CHI or its agents and employees, if any, because CHI is an independent contractor under the law and Defendants had no control over the means and methods by which CHI provided or delivered medical care or services to Plaintiff.

12. To the extent Plaintiff's claims are subject to the Indiana Medical Malpractice Act ("MMA"), Plaintiff failed to comply with the pre-suit requirements of the MMA, therefore, as a matter of law, the Court lacks jurisdiction over any medical negligence claims as no pre-suit report has been issued by a duly qualified Medical Review Panel as required under the MMA.

13. Some or all of Plaintiff's claims are subject to and may be barred by applicable statutes of limitation, including the Indiana two (2) year statute of limitations.

14. Some or all of Plaintiff's claims may be barred by waiver.

15. Some or all of Plaintiff's claims may be barred by estoppel.

16. Some or all of Plaintiff's claims may be barred by the doctrine of laches.

17. Some or all of Plaintiff's claims may be barred by the doctrines of release and/or accord and satisfaction.

18. Some or all of Plaintiff's claims may be barred by the doctrines of res judicata, claims and/or issue preclusion, collateral estoppel and judicial estoppel, including any claims that were or could have been adjudicated in other Courts, agencies and forums of proper jurisdiction.

19. Defendant has no supervisory liability for the actions of subordinates as a matter of law. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

20. Defendant cannot be held vicariously liable under *respondeat superior* for acts of employees that occurred outside the scope of their employment or that violated a criminal law. (Ind. Code § 34-13-4-1; § 34-13-3-5; Lake County Ordinance 1285-B3).

21. Plaintiff's state law tort claims are barred to the extent Plaintiff failed to comply with the pre-suit notice and other provisions of the Indiana Tort Claims Act ("ITCA"). Ind. Code §34-13-3-1, *et seq*.

22. All state law tort claims relating to acts or omissions that occurred more than 180 days before delivery of a valid tort claim notice are barred by the ITCA as a matter of law.

23. Plaintiffs' state law claims are subject to the aggregate limits on damages recoverable under the ITCA, including Ind. Code § 34-13-3-4.

24. Plaintiff's state law claims are subject to all common law, constitutional and statutory privileges and immunities under Indiana law and the ITCA, I.C. 34-13-3-1, *et. seq.*, including but not limited to the immunities under I.C. § 34-13-3-3(6), (7), (8), (9), (10) & (13).

25. Defendant is immune from liability to the extent "*law enforcement*" and/or "*discretionary function*" immunity apply to all acts that were law enforcement or discretionary in nature. I.C. § 34-13-3-3.

26. Defendant is immune from liability to the extent the doctrines of qualified immunity, absolute sovereign immunity, legislative immunity, quasi-legislative immunity, judicial immunity or quasi-judicial immunity may apply.

27. Plaintiff's claims against the Defendant are subject to and may be barred by the doctrines of: (a) contributory negligence; (b) assumption of risk; (c) incurred risk; (d) failure to avoid injury and (e) failure to mitigate damages.

28. Plaintiff's claims and injuries were the proximate result of unforeseeable circumstances and/or superseding or intervening acts and omissions of third or non-parties.

29. The actions of the Defendant were objectively reasonable and did not violate any clearly established rule or principle of federal law or any right of the Plaintiff that a reasonable person would have known.

30. The state law claims and damages sought by the Plaintiff are subject to and limited by the Indiana Wrongful Death Act, I.C. 34–23-1-1 and I.C. 34-23-1-2.

31. As a matter of law, Plaintiff is barred from recovering damages under both the Indiana Wrongful Death Act and the Indiana Survival Statute, as recovery under one precludes recover under the other.

32. To the extent any of the claims against the Defendant is without merit or justification and/or are frivolous, unreasonable or groundless, the Defendant is entitled to attorney fees and costs under 42 U.S.C. § 1988, I.C. § 34-13-3-21, and applicable federal and state law.

33. Defendant is entitled to a credit or set-off for any benefit, payment, settlement or judgment paid or owing to Plaintiff by any co-defendant, collateral source or third party.

34. Plaintiff's claims are barred to the extent that he/she filed bankruptcy and failed to timely disclose the claims in this action to the bankruptcy court.

35. Defendant adopts by reference each Affirmative Defense plead or raised by each co-defendant in this action that is not stated above.

36. Defendant has not had the opportunity to investigate or engage in meaningful discovery and reserve the right to amend, supplement or modify their affirmative defenses after further investigation, research and discovery is conducted.

WHEREFORE, the Defendant prays that Plaintiff each take nothing by way of her Complaint, that judgment be entered in favor of the Defendant and against the Plaintiff on all claims and relief requested in the Complaint, that Defendant be granted costs and attorney fees to the extent entitled under the law and/or 42 U.S.C. 1988, Rule 11, I.C. 34-13-3-21 and I.C. 34-13-4-4, and for all other just and proper relief under the premises.

        /s/ Casey J. McCloskey  
        Casey J. McCloskey, #18766-45  
        Attorney at Law  
        9111 Broadway, Ste GG  
        Merrillville, IN 46411  
        Phone:  (219) 738-2978  
        Fax:     (219) 738-2818  
        Email: attymccloskey@hotmail.com  

## CERTIFICATE OF SERVICE

I hereby certify that on **March 29, 2022,** a true and accurate copy of the above pleading or document was served upon all counsel and parties of record via U.S. Mail, in envelopes properly addressed with sufficient first-class postage affixed, and/or by electronic facsimile, email or the court's electronic case filing (ECF) system.

        /s/ Casey J. McCloskey  
        Casey J. McCloskey, #18766-45  

*Service List:*

Kelly A. Sheets, #26628-64 - kelly@trinjurylaw.com  
John M. Kopack, #5302-45 - john@kopack-law.com  
John M. McCrum, #9988-45 - jmccrum@eichhorn-law.com  
Alfredo Estrada, #32580-45 - estrada@bcclegal.com